UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LOREN GARY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-01331-JPH-KMB |
| | ) |
| DENNIS REAGLE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING PENDING MOTIONS**

Plaintiff Loren Gary has filed three motions for a temporary restraining order (TRO) and/or preliminary injunction,[1] dkts. 28, 33, 35, a motion for declaratory judgment, dkt. 31, and a motion seeking to strike the Medical Defendants' response to the declaratory judgment motion, dkt. 37. For the reasons below, the first two TRO motions and the declaratory judgment motions are **DENIED**. Dkts. [28], [31], [33], [37]. The more recent TRO motion remains under advisement.

The first TRO motion seems to want to prevent a staff member at Pendleton Correctional Facility, Katelyn McCorkle, from handling any of Mr. Gary's legal mail related to this case. Mr. Gary states that Ms. McCorkle is a "witness/co-conspirator" in this case. Dkt. 28 at 1. The relief Mr. Gary seeks would be entirely unrelated to the claims that are proceeding in this action, which are related to Legionnaire's contamination of the water at Pendleton. Ms. McCorkle, who

---

[1] The third motion is labeled the "fourth" motion, but there is no third motion on the docket.

1

necessarily would be affected by any such relief, also is not a defendant in this action. The Court cannot enter injunctions directing non-parties—such as Ms. McCorkle—to act or refrain from acting, nor can it order injunctive relief that lacks a nexus to the underlying claims. *See Maddox v. Wexford Health Sources, Inc.*, 528 F. App'x 669, 672 (7th Cir. 2013) ("An injunction, like any enforcement action, may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court." (cleaned up)); *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (holding that absent a nexus between underlying claims and request for injunctive relief, district court has no authority to grant injunctive relief). This motion is **DENIED**. Dkt. [28].

The second TRO motion seeks an order against Defendants Danielle Stasiak and Centurion Health, because they have "initiated and executed practice policy that denies treatment to the Plaintiff et al. that serves nothing more than to maliciously and vindictively prolong Plaintiff's pain and suffering." Dkt. 33. There is no evidence submitted in support of this motion. It is true that "a district court may grant a preliminary injunction based on less formal procedures and on less extensive evidence than a trial on the merits." *Dexia Credit Loc. v. Rogan*, 602 F.3d 879, 885 (7th Cir. 2010). Still, there must be *some* evidence in support before the Court will consider granting the "extraordinary" remedy of a preliminary injunction. Moreover, it is unclear precisely what relief Mr. Gary is seeking through this motion, and it is **DENIED**. Dkt. [33].

Mr. Gary's declaratory judgment motion states in its entirety, "Plaintiff now comes pursuant to Federal Rules of Civil Procedure 57, prays this Court in Equity grant his Motion for Declaratory Judgment in this action in accordance with 28 U.S.C.S. §§ 2201." Dkt. 31. The Medical Defendants in this action filed a response, arguing in part that the motion is deficient under Fed. R. Civ. P. 7(b)(1)(B) because it does not "state with particularity the grounds for seeking the order." Dkt. 34. Mr. Gary's motion to strike this response states, "Plaintiff moves to strike the Defendant(s) motion of opposition as it violates the Plaintiff's Constitutional rights of which are absolute." Dkt. 37. The Court agrees that Mr. Gary's declaratory judgment motion does not adequately state upon what grounds it would be appropriate to issue a declaratory judgment at this stage of the proceedings. Moreover, his motion to strike is equally vague as to how the Medical Defendants' opposition to his motion violates his constitutional rights. The motions for declaratory judgment and motion to strike the response in opposition to that motion are **DENIED**. Dkts. [31], [37].

As noted, the third (fourth) TRO motion remains under advisement at this time. The Court notes, however, that the motion refers to some or all of the Defendants as "corpulant [sic] swine headed individuals . . . ." Dkt. 35 at 3. Such descriptive language is inappropriate and does nothing to further the Court's resolution of the issues presented. The Court warns Mr. Gary that any future filings using such language may be stricken and/or summarily denied.

**SO ORDERED.**

Date: 12/16/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

LOREN GARY
251375
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Michael J. Bently
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place
188 E Capitol Street
Suite 1000
Jackson, MS 39201